■ DONNA TALAVERA, Respondent, v EHUD ARBIT et al., Appellants, et al., Defendants. [795 NYS2d 708]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Ehud Arbit appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated March 10, 2004, as denied his motion to bifurcate or sever the trial of the plaintiff's cause of action against him alleging medical malpractice from the trial of the plaintiff's cause of action against the defendant Staten Island University Hospital alleging negligent hiring and retention, and the defendant Staten Island University Hospital separately appeals, as limited by its brief, from so much of the same order as denied its separate motion to dismiss the plaintiff's cause of action to recover damages for negligent hiring and retention as against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court providently exercised its discretion in denying the motion of the defendant Dr. Ehud Arbit to bifurcate or sever the malpractice cause of action from the cause of action alleging negligent hiring and retention in light of its determination to try the matter before two juries, thereby alleviating any potential prejudice to Dr. Arbit (*see* CPLR 603; *Aikman v Atex, Inc.,* 224 AD2d 180 [1996]).

Moreover, the Supreme Court properly denied the separate motion of the defendant Staten Island University Hospital (hereinafter the Hospital) to dismiss the cause of action alleging negligent hiring and retention. Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training (*see Watson v Strack,* 5 AD3d 1067 [2004]; *Weinberg v Guttman Breast & Diagnostic Inst.,* 254 AD2d 213 [1998]). However, an

exception exists to this general principle where, as here, the injured plaintiff seeks punitive damages from the employer based on alleged gross negligence in the hiring or retention of the employee (*see Watson v Strack, supra; Karoon v New York City Tr. Auth.*, 241 AD2d 323 [1997]). Accordingly, notwithstanding the Hospital's concession that it would be vicariously liable for any negligence on the part of Dr. Arbit, the Supreme Court properly denied the Hospital's motion to dismiss the cause of action alleging negligent hiring and retention.

The Hospital's remaining contention is without merit. Prudenti, P.J., Adams, Rivera and Fisher, JJ., concur.