■ DOROTA BORAWSKI, M.D., Appellant, v STATE OF NEW YORK, Respondent. [8 NYS3d 399]—

In a claim, inter alia, to recover damages for breach of contract and defamation, the claimant appeals from an order of the Court of Claims (Soto, J.), dated March 18, 2013, which denied her motion for leave to file a late claim pursuant to Court of Claims Act § 10 (6).

Ordered that the order is affirmed, with costs.

The claimant is an obstetrician and gynecologist formerly employed by the respondent at SUNY Downstate Medical Center. The claimant moved, pursuant to Court of Claims Act § 10 (6), for leave to file a late claim alleging breach of contract, wrongful termination, promissory estoppel, defamation, and intentional infliction of emotional distress. The Court of Claims denied the claimant's motion.

"Court of Claims Act § 10 (6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (*Tucholski v State of New York*, 122 AD3d 612, 612 [2014]). The enumerated factors are whether the delay in filing was excusable; whether the State had notice of essential facts constituting the claim; whether

the State had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the State is prejudiced; and whether the claimant has any other available remedy (*see* Court of Claims Act § 10 [6]). "No one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (*Qing Liu v City Univ. of N.Y.*, 262 AD2d 473, 474 [1999]; *see Morris v Doe*, 104 AD3d 921 [2013]).

Here, the claimant has remedies available to her, including related claims pending in the Supreme Court against an individual physician, and an ongoing complaint before the New York State Division of Human Rights. Moreover, in light of the existence of the Division of Human Rights complaint, the Court of Claims correctly concluded that the claimant's failure to serve a timely claim upon the Attorney General due to ignorance of the law was not excusable (*see Olsen v State of New York*, 45 AD3d 824 [2007]; *Quilliam v State of New York*, 282 AD2d 590, 591 [2001]).

Regarding the potential merits of the claim, the alleged breach of contract claim and the claim to recover damages for wrongful termination of the claimant's at-will employment appear to be without merit (*see Wood v Long Is. Pipe Supply, Inc.*, 82 AD3d 1088, 1089 [2011]). In addition, the claim sounding in defamation also appears to be without merit. On appeal, the claimant does not contest the Court of Claims' conclusion that the claims predicated upon promissory estoppel and intentional infliction of emotional distress are without merit.

Accordingly, the Court of Claims providently exercised its discretion in denying the claimant's motion for leave to file a late claim (*see* Court of Claims Act § 10 [6]; *Morris v Doe*, 104 AD3d 921 [2013]). In light of our determination, we need not reach the claimant's remaining contentions. Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.