■ CAROLYN HENRY, as Administratrix of the Estate of CAL-VIN NESBITT, Deceased, Respondent, v SUNRISE MANOR CENTER FOR NURSING AND REHABILITATION, Also Known as SUNRISE MANOR NURSING HOME, INC., Appellant, et al., Defendants. [46 NYS3d 649]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Sunrise Manor Center for Nursing and Rehabilitation, also known as Sunrise Manor Nursing Home, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated September 5, 2014, as denied those branches of its motion which were for summary judgment dismissing the first, third, and fourth causes of action insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Sunrise Manor Center for Nursing and Rehabilitation, also known as Sunrise Manor Nursing Home, Inc., which was for summary judgment dismissing the fourth cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff.

The plaintiff's decedent was a resident of the defendant Sunrise Manor Center for Nursing and Rehabilitation, also known as Sunrise Manor Nursing Home, Inc. (hereinafter Sunrise Manor), a nursing home and rehabilitation facility, from February 19, 2008, until his death on February 27, 2008. The death certificate listed the immediate cause of the decedent's death as septic shock. In 2010, the plaintiff commenced this action against Sunrise Manor, among others, to recover damages for, inter alia, medical malpractice, wrongful death, in effect, violation of the Public Health Law, and negligent hiring and retention. In the bill of particulars, the plaintiff alleged, among other things, that Sunrise Manor was negligent "in causing, allowing and permitting the decedent to suffer sepsis and septic shock," "in failing to recognize the

signs and symptoms of [the decedent's] sepsis," and "in failing to recognize that the decedent's spiking fever was a sign of infection and more specifically, sepsis."

Sunrise Manor moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated September 5, 2014, the Supreme Court, inter alia, granted those branches of Sunrise Manor's motion which were for summary judgment dismissing the second cause of action, which was to recover damages for lack of informed consent, and the fifth cause of action, which sought punitive damages, insofar as asserted against it. The court denied those branches of Sunrise Manor's motion which were for summary judgment dismissing the first cause of action, which was to recover damages for medical malpractice and wrongful death, the third cause of action, which was, in effect, to recover damages for violation of the Public Health Law, and the fourth cause of action, which was to recover damages for negligent hiring and retention insofar as asserted against it.

In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, either that there was no departure from accepted medical practice or that any departure was not a proximate cause of the plaintiff's injuries (*see Whitnum v Plastic & Reconstructive Surgery, P.C.*, 142 AD3d 495, 497 [2016]; *Matos v Khan*, 119 AD3d 909, 910 [2014]; *Stukas v Streiter*, 83 AD3d 18, 24 [2011]). "Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden" (*Elmes v Yelon*, 140 AD3d 1009, 1010 [2016]; *see Stukas v Streiter*, 83 AD3d at 23-25).

Here, Sunrise Manor established its prima facie entitlement to judgment as a matter of law dismissing the medical malpractice and wrongful death cause of action insofar as asserted against it by submitting the affirmation of its expert, which addressed the alleged departures set forth in the bill of particulars, demonstrating that Sunrise Manor did not depart from the accepted standard of care in its treatment of the decedent and, in any event, that any departure was not a proximate cause of the decedent's death (*see Schuck v Stony Brook Surgical Assoc.*, 140 AD3d 725, 726-727 [2016]; *Hofsiss v Goodman*, 128 AD3d 898, 900 [2015]). In opposition, however, the plaintiff raised a triable issue of fact through the affirmation of her expert (*see Keesler v Small*, 140 AD3d 1021, 1023 [2016]). The plaintiff's expert opined that Sunrise Manor devi-

ated from the standard of care by, among other things, failing to inform the decedent's attending physician of the decedent's 100.7 degree fever, and that Sunrise Manor's deviations "resulted in a failure to implement the proper follow-up testing and assessment that would have lead to a diagnosis of recurrent urinary tract infection and sepsis." The plaintiff's expert opined that the failure to timely respond to the decedent's symptoms of infection was a proximate cause of his death. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (*Feinberg v Feit*, 23 AD3d 517, 519 [2005]; *see Kaous v Lutheran Med. Ctr.*, 138 AD3d 1065, 1067 [2016]; *Bengston v Wang*, 41 AD3d 625, 626 [2007]). Accordingly, the Supreme Court properly denied that branch of Sunrise Manor's motion which was for summary judgment dismissing the first cause of action, which was to recover damages for medical malpractice and wrongful death, insofar as asserted against it.

"The basis for liability under the [Public Health Law] 'is neither deviation from accepted standards of medical practice nor breach of a duty of care. Rather, it contemplates injury to the patient caused by the deprivation of a right conferred by contract, statute, regulation, code or rule' " (*Novick v South Nassau Communities Hosp.*, 136 AD3d 999, 1001 [2016], quoting *Zeides v Hebrew Home for Aged at Riverdale*, 300 AD2d 178, 179 [2002]; *see Moore v St. James Health Care Ctr., LLC*, 141 AD3d 701, 703 [2016]). Here, Sunrise Manor failed to establish its prima facie entitlement to judgment as a matter of law dismissing the third cause of action alleging, in effect, a violation of Public Health Law § 2801-d, insofar as asserted against it based on alleged violations of regulations pertaining to nursing homes (*cf. Novick v South Nassau Communities Hosp.*, 136 AD3d at 1001). Since Sunrise Manor failed to meet its prima facie burden, that branch of its motion which was for summary judgment dismissing the third cause of action insofar as asserted against it was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court should have granted that branch of Sunrise Manor's motion which was for summary judgment dismissing the fourth cause of action, which was to recover damages for negligent hiring and retention, insofar as asserted against it. "Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for

negligent hiring, retention, supervision or training" (*Talavera v Arbit*, 18 AD3d 738, 738 [2005]; *see Quiroz v Zottola*, 96 AD3d 1035, 1037 [2012]). Here, in opposition to Sunrise Manor's prima facie showing that its employees were acting within the scope of their employment, the plaintiff failed to raise a triable issue of fact. While an exception exists to the above general principle where the plaintiff seeks punitive damages from the employer "based on alleged gross negligence in the hiring or retention of the employee" (*Talavera v Arbit*, 18 AD3d at 739), here, that exception is inapplicable because the Supreme Court granted that branch of Sunrise Manor's motion which was for summary judgment dismissing the cause of action seeking punitive damages.

Sunrise Manor's remaining contentions are without merit. Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.