Decker v State of New York (2018 NY Slip Op 05751)





Decker v State of New York


2018 NY Slip Op 05751


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-01089
2018-09116

[*1]Deborah Decker, etc., et al., respondents, 
v
State of New York, appellant.


Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta and Philip V. Tisne of counsel), for appellant.
Duffy & Duffy, PLLC, Uniondale, NY (Elyssa Shifren of counsel), for respondents.



DECISION & ORDER
In a claim, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated September 30, 2016. The order granted the claimants' motion for leave to file a late claim pursuant to Court of Claims Act § 10(6). The appeal brings up for review so much of an order of the same court dated April 5, 2017, as, in effect, upon reargument, adhered to the determination in the order dated September 30, 2016 (see CPLR 5517[b]).
ORDERED that the appeal from the order dated September 30, 2016, is dismissed, as that order was superseded by the order dated April 5, 2017, made, in effect, upon reargument; and it is further,
ORDERED that the order dated April 5, 2017, is reversed insofar as reviewed, on the facts and in the exercise of discretion, upon reargument, the order dated September 30, 2016, is vacated, and the claimants' motion for leave to file a late claim pursuant to Court of Claims Act § 10(6) is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On March 3, 2014, the claimants' decedent, Peter J. Kummer (hereinafter the decedent), went to the emergency room of Stony Brook University Hospital (hereinafter SBUH), where he was diagnosed with cellulitis and sepsis. Pressure ulcers in the gluteal fold were noted in his medical records. During his stay at SBUH, the decedent developed temporal right ulcers and a stage II sacrum left posterior ulcer. By March 26, 2014, the inner gluteal fold ulcer and the temporal right ulcers had improved. The decedent remained at SBUH until April 11, 2014, when he was transferred to Woodmere Rehabilitation and Health Care Center (hereinafter Woodmere). On April 23, 2014, the decedent was transferred to North Shore University Hospital, where he died on May 3, 2014. The death certificate listed the causes of death as cardiopulmonary arrest and sepsis of unknown etiology.
By notice of motion dated March 21, 2016, the claimants moved pursuant to Court of Claims Act § 10(6) for leave to file a late claim, inter alia, to recover damages for personal [*2]injuries, conscious pain and suffering, and mental anguish arising from medical malpractice in relation to, among other things, the treatment of the ulcers. The claimants also alleged negligent hiring, supervision, and training of the defendant's employees. The defendant opposed the claimant's motion, and the Court of Claims granted the motion. Subsequently, the defendant moved for leave to reargue its opposition to the claimants' motion. The claimants opposed the defendant's motion for leave to reargue. The court, in effect, granted leave to reargue and thereupon adhered to its original determination. The defendant appeals.
"Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Tucholski v State of New York, 122 AD3d 612, 612). The enumerated factors are whether the delay in filing was excusable, the State of New York had notice of the essential facts constituting the claim, the State had an opportunity to investigate the circumstances underlying the claim, the claim appears to be meritorious, the State is prejudiced, and the claimant has any other available remedy (see Court of Claims Act § 10[6]; Borawski v State of New York, 128 AD3d 628, 628-629). "No one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (Qing Liu v City Univ. of N.Y., 262 AD2d 473, 474; see Morris v Doe, 104 AD3d 921).
The claimants failed to demonstrate a reasonable excuse for the delay of more than one year and eight months in seeking leave to file a late claim. Although the claimants retained counsel 74 days after the claim accrued, their counsel's further delay in obtaining the medical records and an expert affidavit amounted to law office failure, which is not a reasonable excuse (see Casey v State of New York, 161 AD3d 720, 721; Almedia v State of New York, 70 AD2d 712, 713; Brennan v State of New York, 36 AD2d 569; 500 Eighth Ave. Assoc. v State of New York, 30 AD2d 1010; Fenimore v State of New York, 28 AD2d 626).
Moreover, the claimants failed to demonstrate that the defendant had timely notice of the essential facts constituting their claim, inter alia, to recover damages for personal injuries, conscious pain and suffering, and mental anguish arising from medical malpractice and negligent hiring, supervision, and training, by virtue of SBUH's possession of the hospital records relating to the decedent's care (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537). "Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury" on the claimants' decedent attributable to malpractice or negligence (id. at 537; see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677; Matter of Ramos-Elizares v Westchester County Healthcare Corp., 94 AD3d 1130, 1131; Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.], 74 AD3d 713, 714). The claimants failed to establish that either the alleged malpractice or the alleged negligent hiring were apparent from an independent review of the medical records (see Matter of Ramos-Elizares v Westchester County Healthcare Corp., 94 AD3d at 1131).
The claimants also failed to demonstrate that the defendant had an opportunity to timely investigate the facts underlying the claim, as well as locate and examine witnesses while their memories of the facts were still fresh (see Quilliam v State of New York, 282 AD2d 590, 591; Nicometti v State of New York, 144 AD2d 1036). Furthermore, the claimants failed to sustain their initial burden of demonstrating that the defendant would not be substantially prejudiced if the motion, which was made almost two years after the accrual of the claim, was granted, given the lack of timely knowledge of the claim and the lengthy delay in serving the motion (see Matter of Newcomb v Middle County Cent. Sch. Dist., 28 NY3d 455, 466; Williams v Nassau County Med. Ctr., 6 NY3d at 539; Quilliam v State of New York, 282 AD2d at 591; Innis v State of New York, 92 AD2d 606, affd 60 NY2d 654).
In addition, the claimants failed to demonstrate a potentially meritorious cause of action based on their allegations of medical malpractice, since they failed to provide an affidavit of merit from a physician (see Novick v South Nassau Communities Hosp., 136 AD3d 999, 1001; Smith v State of New York, 71 AD3d 866, 867-868; Elliot v Long Is. Home, Ltd., 12 AD3d 481, 482; Matter of E.K. v State of New York, 235 AD2d 540, 541; Schreck v State of New York, 81 AD2d [*3]882). The claimants further failed to demonstrate a potentially meritorious cause of action based on their allegations of negligent hiring, supervision, or training of the defendant's employees. " Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training'" (Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d 739, 741-742, quoting Talavera v Arbit, 18 AD3d 738, 738). The claimants did not allege that the defendant's employees were acting outside the scope of their employment (see Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d at 741-742; Segal v St. John's Univ., 69 AD3d 702, 703). "While an exception exists to the above general principle where the plaintiff seeks punitive damages from the employer based on alleged gross negligence in the hiring or retention of the employee'" (Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d at 742, quoting Talavera v Arbit, 18 AD3d at 738), here, that exception is inapplicable because the claimants did not seek punitive damages based upon an allegation that the defendant was grossly negligent in the hiring of its employees (see Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d at 741-742; Quiroz v Zottola, 96 AD3d 1035, 1037; Talavera v Arbit, 18 AD3d at 738-739).
Further, as another factor in denying leave to file a late claim, we note that the claimants have another remedy available to them, as they commenced a related action against Woodmere in the Supreme Court, Nassau County (see Borawski v State of New York, 128 AD3d at 629; Witko v State of New York, 212 AD2d 889, 890-891; Bonaventure v New York State Thruway Auth., 108 AD2d 1002, 1004).
Accordingly, the Court of Claims improvidently exercised its discretion in granting the claimant's motion for leave to file a late claim (see Court of Claims Act § 10[6]).
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court