Simpson v Edghill (2019 NY Slip Op 00923)





Simpson v Edghill


2019 NY Slip Op 00923


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-02261
 (Index No. 100166/16)

[*1]Broderick Simpson, respondent,
v
Benjeil Edghill, etc., et al., appellants.


Silverson, Pareres & Lombardi LLP, New York, NY (Rachel H. Poritz of counsel), for appellants.
Krentsel & Guzman (Michael H. Zhu, Esq., P.C., New York, NY, of counsel) for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated January 12, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
In November 2014, the plaintiff was treated by the defendant Benjeil Edghill, an ophthalmologist, for trouble focusing and pain in his right eye, and a drooping right upper eyelid. After examining the plaintiff and performing tests, Edghill suspected that the plaintiff was suffering from glaucoma and instructed him to return in six months for additional tests, or sooner if his symptoms worsened or failed to improve. Approximately six months later, the plaintiff was diagnosed with a meningioma, a noncancerous tumor of the membranes surrounding the brain, and underwent tumor resection surgery.
The plaintiff commenced this medical malpractice action against Edghill and his employer, Advantage Care Physicians (hereinafter Advantage), alleging, inter alia, that they were negligent in failing to properly diagnose the source of the plaintiff's symptoms and in failing to refer him for further testing. The plaintiff also asserted a cause of action to recover damages for negligent hiring against Advantage. At the completion of discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal.
In order to establish the liability of a physician for medical malpractice, a plaintiff must prove "that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), with respect to at least one of those elements (see DiLorenzo v Zaso, 148 AD3d 1111, 1112; Cham v St. Mary's Hosp. of Brooklyn, 72 AD3d 1003, 1004). Where a defendant physician makes [*2]a prima facie showing on both elements, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d at 25). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the detailed affirmation of their expert, who opined that Edghill's treatment of the plaintiff did not depart from the standard of care and that, even if the plaintiff's meningioma had been detected in November 2014, the treatment and surgical outcome would have been the same (see DiLorenzo v Zaso, 148 AD3d at 1113; Sukhraj v New York City Health & Hosps. Corp., 106 AD3d 809).
In opposition, the affidavit of the plaintiff's expert failed to raise a triable issue of fact as to the causation element. " While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field . . . the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable'" (Behar v Coren, 21 AD3d 1045, 1046-1047, quoting Postlethwaite v United Health Servs. Hosps., 5 AD3d 892, 895). "Thus, where a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (Behar v Coren, 21 AD3d at 1047; see Galluccio v Grossman, 161 AD3d 1049, 1052). Here, the plaintiff's expert, who was board certified in ophthalmology, was qualified to, and did, raise a triable issue of fact as to whether Edghill deviated from the accepted standard of care in failing to refer the plaintiff to a neurologist to further evaluate his symptoms. However, the affidavit was insufficient to establish that the plaintiff's meningioma could have been treated by radiation instead of surgery if it had been detected in November 2014. The plaintiff's expert failed to articulate that he had any training in the treatment of meningiomas or what, if anything, he did to familiarize himself with the applicable standard of care. The affidavit, therefore, lacked probative value and failed to raise a triable issue of fact as to whether any departure from the accepted standard of care proximately caused the plaintiff's injuries (see Feuer v Ng, 136 AD3d 704, 707; Tsimbler v Fell, 123 AD3d 1009, 1010).
Additionally, the Supreme Court should have granted the unopposed branch of the defendants' motion which was for summary judgment dismissing the plaintiff's negligent hiring cause of action. In opposition to the defendants' prima facie showing that neither Edghill nor any other employee of Advantage acted outside the scope of their employment in their treatment of the plaintiff (see Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d 739; cf. Talavera v Arbit, 18 AD3d 738, 738), the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court