Jacob v Franklin Hosp. Med. Ctr. (2020 NY Slip Op 06506)





Jacob v Franklin Hosp. Med. Ctr.


2020 NY Slip Op 06506


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2017-00451
2017-02005
 (Index No. 600286/13)

[*1]Nadege Odena Jacob, etc., appellant, 
v
Franklin Hospital Medical Center, et al, respondents.


Tantleff & Kreinces, LLP, Mineola, NY (Edward D. Tantleff of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxson of counsel), for respondent Franklin Hospital Medical Center.
Kutner Friedrich, LLP, New York, NY (Tracy Solomon of counsel), for respondents Abdul Majeed and AM Pulmonary Care, P.C.
Connick, Myers, Haas & McNamee, PLLC, Mineola, NY (Stuart Haas and Barbara Myers of counsel), for respondent Madhukar Wadhera.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered December 12, 2016, and (2) a judgment of the same court dated January 9, 2017. The order granted the separate motions of the defendant Franklin Hospital Medical Center, the defendants Abdul Majeed and AM Pulmonary Care, P.C., and the defendant Madhukar Wadhera for summary judgment dismissing the complaint insofar as asserted against each of them. The judgment, upon the order, is in favor of each of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][l]).
On July 30, 2012, the plaintiff's decedent (hereinafter the decedent) arrived, by ambulance, at the emergency room of the defendant Franklin Hospital Medical Center (hereinafter [*2]the hospital). It is undisputed that the decedent, who was HIV positive and had been suffering from severe abdominal pain, nausea, and vomiting for two or three days, arrived at the hospital in critical condition. The decedent was admitted to the Intensive Care Unit/Critical Care Unit by the defendant Madhukar Wadhera, an internal medicine doctor who was the attending physician at the time, and was seen by the defendant Abdul Majeed, a pulmonary/critical care specialist (hereinafter, together with his practice the defendant AM Pulmonary Care, P.C., the Majeed defendants). The decedent was diagnosed, among other things, with severe sepsis, a small bowel obstruction, low blood pressure, renal failure, and respiratory failure. He was placed on a ventilator and, in the early morning hours of July 31, 2012, emergency abdominal surgery was performed by a nonparty physician. The decedent received several doses of morphine following surgery. At approximately 1:30 p.m. on July 31, 2012, the decedent went into cardiac arrest, and efforts to resuscitate him failed. The death certificate lists the cause of death as cardiorespiratory arrest due to septic shock due to small bowel obstruction secondary to abdominal adhesions. An autopsy report lists the cause of death as septic shock.
The plaintiff commenced the instant action against the defendants, inter alia, to recover damages for medical malpractice and wrongful death. The hospital, the Majeed defendants, and Wadhera all separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. By order entered December 12, 2016, the Supreme Court granted the motions, and a judgment was entered on January 9, 2017, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
A defendant seeking summary judgment in a medical malpractice action must establish, prima facie, that he or she did not deviate from accepted standards of medical care or that his or her acts were not a proximate cause of any injury to the plaintiff (see Tsitrin v New York Community Hosp., 154 AD3d 994, 995; Stukas v Streiter, 83 AD3d 18, 24). "In response, it is the plaintiff's burden to raise a triable issue of fact 'regarding the element or elements on which the defendant has made its prima facie showing'" (Tsitrin v New York Community Hosp., 154 AD3d at 995, quoting Feuer v Ng, 136 AD3d 704, 706; see Stukas v Streiter, 83 AD3d at 24). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on 'specifically cited evidence in the record'" (Tsitrin v New York Community Hosp., 154 AD3d at 996, quoting Roca v Perel, 51 AD3d 757, 759).
Here, the defendants separately established their prima facie entitlement to judgment as a matter of law by submitting the affirmations of experts who opined that the care and treatment the defendants rendered to the decedent did not deviate from the accepted standards of medical care and that such treatment did not proximately cause the decedent's death.
In opposition, the plaintiff relied upon the opinion of her expert that the decedent was negligently administered an overdose of morphine that caused or contributed to his death. The Supreme Court properly concluded that the expert's unsupported and speculative opinion that an overdose caused or contributed to the decedent's death was insufficient to raise a triable issue of fact, and we respectfully disagree with our dissenting colleagues' contrary conclusion.
More specifically, neither the medical records nor the autopsy report indicated that the decedent suffered a morphine overdose. Further, neither the autopsy report nor the death certificate listed morphine as a cause of or contributing factor in the decedent's death. It is unclear that the plaintiff's expert even reviewed the death certificate and autopsy report, but, in any event, he did not address them or their conclusions that the decedent's death was caused by septic shock brought about by other conditions. The plaintiff's expert also failed to address the conclusion of the hospital's expert that the decedent's drop in blood pressure was related to his intra-abdominal process rather than the administration of medication. Indeed, although the plaintiff's expert noted that morphine "can decease blood pressure and cause difficulty breathing," he did not affirmatively state that the morphine actually caused these effects in the decedent, who was on a ventilator. Given the decedent's multiple infirmities and severely compromised condition upon his admission to the hospital, and the failure of the plaintiff's expert to address the conclusions reached in the death [*3]certificate, autopsy report, and affirmations of the defendants' experts, the opinion of the plaintiff's expert that a morphine overdose caused or contributed to the decedent's death was speculative and conclusory (see Forrest v Tierney, 91 AD3d 707, 709; Graziano v Cooling, 79 AD3d 803, 805). The plaintiff therefore failed to rebut the defendants' prima facie showing of entitlement to judgment as a matter of law (see Tsitrin v New York Community Hospital, 154 AD3d at 997; Hernandez v Nwaishienyi, 148 AD3d 684, 686; Brinkley v Nassau Health Care Corp., 120 AD3d 1287, 1290).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
DILLON, J.P., BALKIN and ROMAN, JJ., concur.
RIVERA, J.P., concurs in part and dissents in part, and votes to dismiss the appeal from the order, to modify the judgment, on the law, by deleting the provisions thereof dismissing the complaint insofar as asserted against the defendants Franklin Hospital Medical Center, Abdul Majeed, and AM Pulmonary Care, P.C., and, as so modified, to affirm the judgment, to deny the separate motions of the defendant Franklin Hospital Medical Center and the defendants Abdul Majeed and AM Pulmonary Care, P.C., for summary judgment dismissing the complaint insofar as asserted against each of them, to modify the order accordingly, and to reinstate the complaint against those defendants, with the following memorandum, in which BARROS, J., concurs:
On July 30, 2012, Pierre E. Jacob (hereinafter the decedent) presented to the defendant Franklin Hospital Medical Center (hereinafter the hospital), with complaints of abdominal pain, distention, and vomiting. During the admission, the decedent was attended by the defendant Madhukar Wadhera. The decedent was seen in consultation by the defendant Abdul Majeed, the sole member of the defendant AM Pulmonary Care, P.C. (hereinafter together the Majeed defendants). On July 31, 2012, upon Majeed's orders, the decedent was given two milligrams of morphine at 10:30 a.m., 12:30 p.m., and 1:00 p.m., respectively. At 1:37 p.m., the decedent developed asystole, and then no blood pressure was found. He was pronounced dead at 2:13 p.m. The death certificate listed the immediate cause of death as cardiorespiratory arrest, due to or as a consequence of septic shock and small bowel obstruction secondary to abdominal adhesions.
In 2013, the plaintiff commenced the instant action, alleging, inter alia, that the defendants were negligent in their care of the decedent. Among other things, the plaintiff alleged in her bills of particulars and supplemental bills of particulars that the defendants improperly prescribed and/or administered excessive morphine to the decedent. The hospital, the Majeed defendants, and Wadhera all separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order entered December 12, 2016, the Supreme Court granted those motions. The court subsequently entered a judgment upon the order. The plaintiff appeals.
"'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Hayden v Gordon, 91 AD3d 819, 820, quoting DiMitri v Monsouri, 302 AD2d 420, 421). "A defendant moving for summary judgment in a medical malpractice case must demonstrate the absence of any material issues of fact, with respect to at least one of these elements" (DiLorenzo v Zaso, 148 AD3d 1111, 1112 [citation and internal quotation marks omitted]; see Wexelbaum v Jean, 80 AD3d 756, 757). Where a defendant makes a prima facie showing on both elements, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d 18, 25).
Here, I agree with my colleagues in the majority that each of the defendants met their prima facie burden of demonstrating entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by submitting affirmations from experts who asserted that there was no departure and that any departure was not a proximate cause of the decedent's injuries.
However, contrary to my colleagues in the majority, I find that, in opposition, the plaintiff raised a triable issue of fact with regard to the hospital and the Majeed defendants. Wadhera was not involved in the prescribing and administering of morphine to the decedent, which are the only alleged departures raised by the plaintiff on this appeal. Thus, I agree with the Supreme Court's determination to grant Wadhera's motion for summary judgment dismissing the complaint insofar as asserted against him.
Specifically, in opposition, the plaintiff proffered the affirmation of her expert, who opined that there was a departure from the applicable standards of care in, inter alia, improperly prescribing and excessively administering morphine to the decedent who was, among other things, hypotensive and had already received multiple dosages of Ativan. This expert further opined, within a reasonable degree of medical certainty, that these departures were a substantial factor in causing the decedent's pain, suffering, and death.
My colleagues in the majority deem the plaintiff's expert's affirmation to be speculative and conclusory. I differ in that assessment. The plaintiff's expert stated that he reviewed the decedent's medical records from the hospital, the deposition transcripts, and the affirmations of the defendants' experts. He summarized, in detail, relevant portions of the decedent's medical record, including notes relating to the morphine administered. He explained the effects of morphine as a medication and expressly stated that "in a patient such as this who is in respiratory failure, renal failure, liver failure, with decreased pressures, tachycardia (elevated pulse), lactic acidosis and hypovolemia, it is contraindicated to administer Morphine," adding, "[m]orphine can decrease blood pressure and cause difficulty breathing." He then correlated the times when morphine was administered with the decedent's recorded blood pressures, which showed blood pressure readings that were low and progressively decreasing (105/56 at 10:30 a.m., 99/56 at 12:30 p.m., and 74/44 at 1:00 p.m.), until 1:37 p.m., when the decedent experienced cardiac arrest and "Code Blue" was called. Ultimately, the plaintiff's expert opined, "[t]here was no need to administer Morphine to [the decedent], he was given and [sic] excessive dosage of Morphine in his critical state and he Coded shortly after it was given." I find that this conclusion does not consist of a mere general allegation of medical malpractice. On the contrary, the plaintiff's expert supported his opinion with corresponding references to the decedent's medical records, which the expert discussed, assessed, and reviewed. Thus, this affirmation was more than sufficient to explain the expert's opinion that the morphine, as administered, caused or contributed to the decedent's death.
"Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519; see Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d 739, 741), since conflicting expert opinions raise credibility issues which are to be resolved by the factfinder (see Guctas v Pessolano, 132 AD3d 632, 633). In light of the conflicting expert opinions proffered here, I disagree with the Supreme Court's determination to grant the separate motions of the hospital and the Majeed defendants for summary judgment dismissing the complaint insofar as asserted against each of them. Accordingly, with regard to those defendants, I would let the matter proceed to a trial of the action.
ENTER:
Aprilanne Agostino
Clerk of the Court