S.W. v Catskill Regional Med. Ctr. (2022 NY Slip Op 07091)

S.W. v Catskill Regional Med. Ctr.

2022 NY Slip Op 07091

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-02233
 (Index No. 28874/11)

[*1]S.W., etc., appellant, 
v
Catskill Regional Medical Center, et al., respondents.

Rawlins Law, PLLC, White Plains, NY (Gary N. Rawlins of counsel), for appellant.
Vigorito, Barker, Patterson, Nichols & Porter, LLP (Bhalinder L. Rikhye of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, lack of informed consent, and negligent hiring and supervision, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated July 26, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages for lack of informed consent and negligent hiring and supervision, and denied the plaintiff's cross motion pursuant to CPLR 3126 to strike the defendants' answers or, in the alternative, to preclude the defendants from offering certain evidence at trial or, in the alternative, for an adverse inference instruction at trial, with leave to renew that branch of the cross motion which was for an adverse inference instruction at trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The infant plaintiff allegedly sustained injuries during her birth. She commenced this action to recover damages for medical malpractice, lack of informed consent, and negligent hiring and supervision. After issue was joined, the defendants moved for summary judgment dismissing the amended complaint. The plaintiff cross-moved pursuant to CPLR 3126 for spoliation sanctions based upon the defendants' failure to preserve fetal monitoring strips. In an order dated July 26, 2019, the Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages for lack of informed consent and negligent hiring and supervision, and denied the plaintiff's cross motion, with leave to renew that branch of the cross motion which was for an adverse inference instruction at trial. The plaintiff appeals, and we affirm.
Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for negligent hiring and supervision. "Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training" (Talavera v Arbit, 18 AD3d 738, 738; see Simpson v Edghill, 169 AD3d 737, 739; Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d 739, 741-742). "[A]n exception exists to this general principle where . . . the injured plaintiff seeks [*2]punitive damages from the employer based on alleged gross negligence in the hiring or retention of the employee" (Talavera v Arbit, 18 AD3d at 738-739; see Decker v State of New York, 164 AD3d 650, 653). Here, the defendants demonstrated, prima facie, that the employees of the defendant Catskill Regional Medical Center acted within the scope of their employment. In opposition, the plaintiff failed to raise a triable issue of fact with respect to the applicability of the exception.
The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent. A cause of action alleging lack of informed consent requires an affirmative violation of physical integrity in the absence of informed consent (see Pedone v Thippeswamy, 309 AD2d 792). "Lack of informed consent does not apply where, as here, injuries allegedly resulted from a failure to undertake a procedure or a postponing of a procedure" (Ellis v Eng, 70 AD3d 887, 892).
The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 3126 for spoliation sanctions against the defendants, with leave to renew that branch of the cross motion which was for an adverse inference instruction at trial. "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547-548 [internal quotation marks omitted]).
Striking a pleading is a drastic sanction, and "'in the absence of willful or contumacious conduct, courts will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness'" (Jennings v Orange Regional Med. Ctr., 102 AD3d 654, 655-656, quoting Iannucci v Rose, 8 AD3d 437, 438). "'[A] less severe sanction or no sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case'" (N.H.R. v Deer Park Union Free Sch. Dist., 180 AD3d 823, 824, quoting Denoyelles v Gallagher, 40 AD3d 1027, 1027; see Slezak v Nassau Country Club, 200 AD3d 734, 735). The Supreme Court has broad discretion in determining the appropriate sanction, if any (see Halcyon Constr. Corp. v Strong Steel Corp., 199 AD3d 898).
Here, it is undisputed that Catskill Regional Medical Center had an obligation to preserve fetal monitoring strips (see 10 NYCRR 405.10[a][4]), and that the subject fetal monitoring strips were lost. Even so, the Supreme Court providently exercised its discretion by determining that the extreme sanction of striking the defendants' answers was not warranted under the circumstances, and that the issue of whether an adverse inference charge is warranted should be determined at trial (see Morales v Delta Air Lines, 297 AD2d 786, 788; see also Pegasus Aviation I, Inc. Varig Logistica S.A., 26 NY3d at 554).
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court