Lopresti v Alzoobaee (2023 NY Slip Op 03228)

Lopresti v Alzoobaee

2023 NY Slip Op 03228

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05829
 (Index No. 507678/17)

[*1]Francesco Lopresti, appellant, 
v
Faiz Alzoobaee, etc., et al., respondents, et al., defendants.

Hach & Rose, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Benvenuto & Slattery, Roslyn, NY (Max G. Gaujean of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard Graham, J.), dated May 4, 2020. The order granted that branch of the motion of the defendants Faiz Alzoobaee and Alzoobaee Pediatrics which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendants Faiz Alzoobaee and Alzoobaee Pediatrics which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff commenced this action to recover damages for medical malpractice against, among others, the defendants Faiz Alzoobaee and Alzoobaee Pediatrics (hereinafter together the defendants), alleging that they were negligent in failing to timely diagnose him with testicular cancer. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. By order dated May 4, 2020, the Supreme Court granted that branch of the defendants' motion. The plaintiff appeals.
A defendant seeking summary judgment in a medical malpractice action must establish, prima facie, that he or she did not deviate from accepted standards of medical care or that, in any event, his or her acts were not a proximate cause of any injury to the plaintiff (see Jacob v Franklin Hosp. Med. Ctr., 188 AD3d 838, 839, affd 36 NY3d 1102; Stukas v Streiter, 83 AD3d 18, 24). "[T]o defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing" (Stukas v Streiter, 83 AD3d at 24). Thus, "where a defendant physician, in support of a motion for summary judgment, demonstrates only that he or she did not depart from the relevant standard of care, there is no requirement that the plaintiff address the element of proximate cause in addition to the element of departure" (id. at 24-25).
Here, the defendants demonstrated, prima facie, through an expert affirmation, that they did not deviate from accepted standards of medical care. Specifically, the expert opined that the defendants complied with the standard of care by examining the plaintiff upon his complaint of testicular pain, timely referring the plaintiff for a testicular ultrasound, and relying upon the negative findings on the ultrasound in determining not to take further action absent additional complaints.
As to proximate cause, however, the defendants' expert did no more than opine as [*2]follows: "Nor is there evidence that anything Dr. Alzoobaee did or did not do was the proximate cause of or a substantial factor in the plaintiff's subsequent injuries." This bare, conclusory assertion was insufficient to make a prima facie showing that, regardless of the defendants' showing of no departure, the departures they allegedly committed did not proximately cause the plaintiff's injuries. The Supreme Court erred in relying upon an expert affirmation concerning the issue of proximate cause, which was submitted by the defendants with their reply papers. The defendants could not satisfy their prima facie burden on the element of proximate cause through evidence submitted for the first time in reply papers (see O'Connell v Los Compadres Liquors & Wines, 211 AD3d 963, 964; Rivera v R.C. Archdiocese of N.Y., 197 AD3d 744, 745).
In opposition to the defendants' prima facie showing on the element of departure, the plaintiff raised a triable issue of fact on that issue. Specifically, the plaintiff offered an affirmation from an expert who opined that the standard of care required the defendants to order additional diagnostic testing and schedule follow-up appointments, in order to determine the cause of the plaintiff's testicular pain. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions," as "[s]uch credibility issues can only be resolved by a jury" (Feinberg v Feit, 23 AD3d 517, 519).
Further, since the defendants did not make a prima facie showing on the issue of proximate cause, contrary to the Supreme Court's conclusion, the plaintiff's expert was not required to address that issue (see Stukas v Streiter, 83 AD3d at 31).
Accordingly, because the plaintiff rebutted the defendants' prima facie showing, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court