Garcia v Hollander (2025 NY Slip Op 04634)

Garcia v Hollander

2025 NY Slip Op 04634

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2020-07494
 (Index No. 34168/16)

[*1]Minerva Garcia, respondent,
v
Alfred C. Hollander, etc., et al., appellants.

Pilkington & Leggett, P.C. (Mauro Lilling Naparty, LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellants Alfred C. Hollander, Deborha M. Caputo, and Digestive Disease Associates of Rockland, P.C.
Feldman, Kleidman, Coffey & Sappe, LLP, Fishkill, NY (Terry D. Horner of counsel), for appellants Tara A. Scaglione, Crystal Run Healthcare, LLP, and Comprehensive Obstetrics & Gynecology, P.C.
Koss & Schonfeld, LLP, New York, NY (Jacob J. Schindelheim and Shira Goldman Moyal of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Alfred C. Hollander, Deborha M. Caputo, and Digestive Disease Associates of Rockland, P.C., appeal, and the defendants Tara A. Scaglione, Crystal Run Healthcare, LLP, and Comprehensive Obstetrics & Gynecology, P.C., separately appeal, from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated September 9, 2020. The order, insofar as appealed from by the defendants Alfred C. Hollander, Deborha M. Caputo, and Digestive Disease Associates of Rockland, P.C., denied those branches of their motion which were for summary judgment dismissing the causes of action alleging medical malpractice and negligent hiring and supervision insofar as asserted against the defendants Alfred C. Hollander and Digestive Disease Associates of Rockland, P.C., and the cause of action alleging medical malpractice insofar as asserted against the defendant Deborha M. Caputo. The order, insofar as appealed from by the defendants Tara A. Scaglione, Crystal Run Healthcare, LLP, and Comprehensive Obstetrics & Gynecology, P.C., denied their motion for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Alfred C. Hollander, Deborha M. Caputo, and Digestive Disease Associates of Rockland, P.C., which was for summary judgment dismissing the cause of action alleging negligent hiring and supervision insofar as asserted against the defendant Digestive Disease Associates of Rockland, P.C., and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying those branches of the motion of the defendants Tara A. Scaglione, Crystal Run Healthcare, LLP, and Comprehensive Obstetrics & Gynecology, P.C., which were for summary judgment dismissing the causes of action alleging negligent hiring and supervision and lack of informed consent insofar as asserted against them, and substituting therefor a provision granting those branches of the motion, and (3) by deleting the provision thereof denying that branch of the motion of the defendants Tara A. Scaglione, Crystal [*2]Run Healthcare, LLP, and Comprehensive Obstetrics & Gynecology, P.C., which was for summary judgment dismissing so much of the amended complaint as sought to hold the defendants Crystal Run Healthcare, LLP, and Comprehensive Obstetrics & Gynecology, P.C., vicariously liable for the alleged negligence of nonparty Sami Ahmad, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
During the relevant time period beginning in 2012, the plaintiff was under the gastrointestinal care and treatment of the defendant Alfred C. Hollander, a gastroenterologist, and the defendant Deborha M. Caputo, a nurse practitioner, both of whom were employed by the defendant Digestive Disease Associates of Rockland, P.C. (hereinafter Digestive Disease, and collectively with Hollander and Caputo, the G.I. defendants). During the same relevant time period, the plaintiff was also under the gynecological care and treatment of the defendant Tara A. Scaglione, a nurse practitioner, who was employed by the defendant Comprehensive Obstetrics & Gynecology, P.C. (hereinafter COG), which was later absorbed by the defendant Crystal Run Healthcare, LLP (hereinafter Crystal Run, and collectively with Scaglione and COG, the OB/GYN defendants). In January 2016, the plaintiff was diagnosed with Stage IIIB/IV metastatic anal cancer.
The plaintiff commenced this action against the defendants to recover damages for medical malpractice, negligent hiring and supervision, and lack of informed consent, alleging that the defendants failed to properly and timely recognize and identify the plaintiff's symptoms during the course of their respective treatment of her, which should have prompted further testing and would have led to an earlier diagnosis of anal cancer. The plaintiff further alleged that the defendants' respective negligent acts and omissions ultimately resulted in a delayed diagnosis of anal cancer that deprived her of a better outcome and caused her to unnecessarily suffer various injuries.
The G.I. defendants and the OB/GYN defendants separately moved for summary judgment dismissing the amended complaint insofar as asserted against each of them. The plaintiff opposed certain branches of the defendants' motions. By order dated September 9, 2020, the Supreme Court, inter alia, denied those branches of the G.I. defendants' motion which were for summary judgment dismissing the causes of action alleging medical malpractice and negligent hiring and supervision insofar as asserted against Hollander and Digestive Disease and the cause of action alleging medical malpractice insofar as asserted against Caputo, and denied the OB/GYN defendants' motion. The G.I. defendants and the OB/GYN defendants separately appeal.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries. If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof. Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Santiago v Abramovici, 226 AD3d 720, 721 [internal quotation marks omitted]; see Williams v Nanda, 177 AD3d 938).
Contrary to the G.I. defendants' contentions, in response to their prima facie showing that Hollander was entitled to judgment as matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against him, the plaintiff raised a triable issue of fact. Under the circumstances of this case, the affirmation of the plaintiff's expert was sufficient to raise triable issues of fact as to whether Hollander and Caputo deviated from good and accepted medical practice in a manner that led to a delayed diagnosis of the plaintiff's metastatic anal cancer and whether the delayed diagnosis proximately caused the plaintiff's claimed injuries (see Santiago v Abramovici, 226 AD3d at 721; Lopresti v Alzoobaee, 217 AD3d 759; Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858; DiGiaro v Agrawal, 41 AD3d 764). Further, the G.I. defendants failed to
establish, prima facie, that Hollander was entitled to judgment as a matter of law dismissing the cause alleging negligent hiring and supervision insofar as asserted against him (see Ruggiero v Miles, 125 AD3d 1216). Accordingly, the Supreme Court properly denied those branches of the G.I. defendants' motion which were for summary judgment dismissing the causes of action alleging [*3]medical malpractice and negligent hiring and supervision insofar as asserted against Hollander.
Neither the G.I. defendants nor the OB/GYN defendants established, prima facie, that Caputo and Scaglione were entitled to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against them, as the G.I. defendants and the OB/GYN defendants failed to eliminate all triable issues of fact concerning, inter alia, whether Caputo and Scaglione deviated from accepted standards of medical care with respect to their alleged failures to properly perform digital rectal exams on the plaintiff during the relevant time period, and whether their deviations contributed to the plaintiff's delayed diagnosis and proximately caused her claimed injuries (see Ciceron v Gulmatico, 220 AD3d 732, 734-735; Hiegel v Orange Regional Med. Ctr., 219 AD3d 910; Lopresti v Alzoobaee, 217 AD3d 759; Bongiovanni v Cavagnuolo, 138 AD3d 12). Accordingly, those branches of the respective motions of the G.I. defendants and the OB/GYN defendants which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against Caputo and Scaglione were properly denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have granted those branches of the respective motions of the G.I. defendants and the OB/GYN defendants which were for summary judgment dismissing the cause of action alleging negligent hiring and supervision insofar as asserted against Digestive Disease, COG, Crystal Run, and Scaglione. "'Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee's negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training'" (Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d 739, 741-742, quoting Talavera v Arbit, 18 AD3d 738, 738; see Simpson v Edghill, 169 AD3d 737, 739). "[A]n exception exists to this general principle where . . . the injured plaintiff seeks punitive damages from the employer based on alleged gross negligence in the hiring or retention of the employee" (Talavera v Arbit, 18 AD3d at 738-739). Here, the defendants demonstrated, prima facie, that the employees of Digestive Disease, COG, and Crystal Run acted within the scope of their employment. The OB/GYN defendants also established, prima facie, that Scaglione was entitled to judgment as a matter of law dismissing the cause of action alleging negligent hiring and supervision insofar as asserted against her—the plaintiff failed to make any allegations against Scaglione in the bill of particulars to support this cause of action against Scaglione. The plaintiff did not oppose these branches of the defendants' respective motions and, therefore, failed to raise a triable issue of fact (see S.W. v Catskill Regional Med. Ctr., 211 AD3d 890). Accordingly, while Digestive Disease, COG, and Crystal should have been awarded summary judgment dismissing the cause of action alleging negligent hiring and supervision insofar as asserted against each them, those defendants may still be held vicariously liable in this action under a theory of respondeat superior for the alleged medical malpractice of their employees (see Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d at 741-742).
The Supreme Court should have granted that branch of the OB/GYN defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against them. The OB/GYN defendants established, prima facie, that the only "procedure" employed by them was the performance of regular digital rectal examinations, which, according to both Caputo and Scaglione, presented no risks to the plaintiff. The plaintiff, who did not oppose this branch of the motion, failed to raise a triable issue of fact in opposition (see Macancela v Wyckoff Hgts. Med. Ctr., 176 AD3d 795, 798).
The Supreme Court also should have granted that branch of the OB/GYN defendants' motion which was for summary judgment dismissing so much of the amended complaint as sought to hold Crystal Run and COG vicariously liable for the alleged medical malpractice of Sami Ahmad, a nonparty employee who only saw the plaintiff one time on January 25, 2016. In response to the OB/GYN defendants' prima facie showing that nothing Ahmad allegedly did during his one-time examination of the plaintiff could be a proximate cause of the plaintiff's delayed diagnosis and claimed injuries, the plaintiff failed to raise a triable issue of fact (see Kelly v Gonzalez-Torres, 219 AD3d 711).
MILLER, J.P., CHRISTOPHER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court