■ FUCHS & BERGH, INC., Doing Business as LITTLE SWITZERLAND DOLLS, et al., Respondents, v LANCE ENTERPRISES, INC., Doing Business as LARRY ANCEWICZ, et al., Appellants. [853 NYS2d 106]—

In an action, inter alia, to recover damages resulting from the discharge of petroleum pursuant to Navigation Law § 181, the defendants appeal from (1) a judgment of the Supreme Court, Suffolk County (Pines, J.), entered August 15, 2006, which, upon a jury verdict on the issue of damages, is in favor of the plaintiffs and against them in the principal sum of $420,200, (2) an order of the same court dated December 8, 2006 which granted the plaintiffs' motion for an attorney's fee and litigation costs in the sum of $274,730.74, and (3) a money judgment of the same court dated January 23, 2007 which, upon the order, is in favor of the plaintiffs and against them in the sum of $274,730.74.

Ordered that the appeal from the order is dismissed, as the order was superseded by the money judgment; and it is further,

Ordered that the judgment and the money judgment are reversed, on the law, the order is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of damages and a new determination thereafter of the issues of an attorney's fee and litigation costs in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiffs commenced this action to recover damages resulting from a discharge of petroleum which occurred at the plaintiffs' doll shop on December 15, 1998. In a prior appeal, we determined that the plaintiffs were entitled to summary judgment on the issue of liability pursuant to Navigation Law § 181, finding that the sole cause of the discharge on that date was the defendants' act of overfilling one of the plaintiffs' oil tanks (*see Fuchs & Bergh, Inc. v Lance Enters., Inc.*, 22 AD3d 715, 717 [2005]). We rejected the defendants' argument that the plaintiffs caused or contributed to the discharge, which would have precluded them from bringing a claim (*see* Navigation Law § 172 [3]; *White v Long*, 85 NY2d 564, 568-569 [1995]; *Hjerpe v Globerman*, 280 AD2d 646, 647 [2001]). The defendants' argument was based, inter alia, on evidence of a leak in a second oil tank. We noted that the leak was not discovered until five months after discharge, that there was no evidence that connected the leak to the discharge, and that affidavits proffered by employees of the remediation companies concluding that the leak existed prior to December 15, 1998, were vague, conclusory, speculative, and insufficient to raise a triable issue of fact (*see Fuchs & Bergh v Lance Enters.*, 22 AD3d at 717).

At a subsequent trial on the issue of damages, the trial court granted the plaintiffs' motion in limine to preclude any evidence of other oil conditions on the premises other than the overfill of the first oil tank, including the leak in the second oil tank, based on our prior decision. We agree with the defendants that the court should have allowed this evidence (*see Schreiber v Cimato*, 299 AD2d 813, 814-815 [2002]). While we determined in the prior appeal that any leak in the second oil tank, discovered five months later, did not contribute to the December 15, 1998 discharge, we did not determine that this leak did not contribute to the plaintiffs' claimed damages. The majority of the damage claim is that the plaintiffs' inventory, which remained on the premises after the December 15, 1998 spill, became unmarketable as a result of petroluem vapors seeping into the dolls. The plaintiffs presented evidence that the premises still smelled of oil six months after the December 15, 1998 spill, and argued in summation that this evidence demonstrated that the spill was much larger than the defendants admitted. Under these circumstances, a new trial is warranted.

Contrary to the defendants' contention, an attorney's fee and litigation costs are recoverable in an action pursuant to Navigation Law § 181 (*see Starnella v Heat*, 14 AD3d 694, 694-695 [2005]; *AMCO Intl. v Long Is. R.R. Co.* 302 AD2d 338, 340-341

[2003]). The amounts awarded, however, were based upon the judgment entered August 15, 2006, which we reverse. Accordingly, we must reverse the money judgment, vacate the order, and remit the matter to the Supreme Court, Suffolk County, for a new determination of the issues of an attorney's fee and litigation costs following the new trial on the issue of damages.

In light of our determination, we do not reach the defendants' remaining contentions. Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.