■ FUCHS & BERGH, INC., Doing Business as LITTLE SWITZERLAND DOLLS, et al., Appellants, v LANCE ENTERPRISES, INC., Doing Business as LARRY ANCEWICZ, et al., Respondents. [887 NYS2d 610]—

In an action, inter alia, to recover damages resulting from the discharge of petroleum pursuant to Navigation Law § 181, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jones, J.), dated November 26, 2008, which, in effect, denied that branch of their motion which was to strike the defendants' answer based on spoliation of evidence and denied that branch of their motion which was, in the alternative, to preclude the defendants from offering certain evidence at trial based on spoliation of evidence.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action to recover damages resulting from a discharge of petroleum which occurred at their doll shop on December 15, 1998. On a prior appeal, we

determined that the plaintiffs were entitled to summary judgment on the issue of liability pursuant to Navigation Law § 181, finding that the sole cause of the discharge was the defendants' act of overfilling one of the plaintiffs' oil tanks (hereinafter tank No. 1) (*see Fuchs & Bergh, Inc. v Lance Enters., Inc.,* 22 AD3d 715, 717 [2005]). At a subsequent trial on the issue of damages, the Supreme Court granted the plaintiffs' motion in limine to preclude any evidence of oil conditions on the premises other than the overfill of tank No. 1, including a leak in a second oil tank (hereinafter tank No. 2), which may have contributed to the plaintiffs' claimed damages. On a second prior appeal, we directed a new trial on the issue of damages, finding that the Supreme Court should not have precluded the evidence (*see Fuchs & Bergh, Inc. v Lance Enters., Inc.,* 48 AD3d 626, 626-627 [2008]).

Prior to the new trial on the issue of damages, the plaintiffs moved to strike the defendants' answer or, in the alternative, to preclude the defendants from offering certain evidence at trial, based on the fact that tank No. 1 was destroyed shortly after the spill by the remediation company hired by the defendants' insurance carrier. As the plaintiffs failed to demonstrate that the destruction of tank No. 1 compromised their ability to prove their case, the Supreme Court properly, in effect, denied that branch of their motion which was to strike the defendants' answer based on spoliation of evidence, and denied that branch of their motion which was, in the alternative, to preclude the defendants from offering certain evidence at trial (*see Utica Mut. Ins. Co. v Berkoski Oil Co.,* 58 AD3d 717, 718 [2009]; *Denoyelles v Gallagher,* 40 AD3d 1027 [2007]; *Klein v Ford Motor Co.,* 303 AD2d 376, 378 [2003]). Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.