■ FIREMAN'S FUND INSURANCE COMPANY, as Subrogee of Garden Place Trust, Respondent, v SWEENEY & HARKIN CARPENTRY & DRY WALL CORPORATION, Appellant. (And a Third-Party Action.) [909 NYS2d 919]—

In a subrogation action to recover the proceeds of a home insurance policy, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated April 28, 2009, which denied its motion for summary judgment dismissing the complaint on the ground of spoliation of evidence.

Ordered that the order is affirmed, with costs.

"[W]hen a party negligently loses or intentionally destroys key evidence," the determination of sanctions for spoliation of evidence is within the sound discretion of the trial court (*Barahona v Trustees of Columbia Univ. in City of N.Y.*, 16 AD3d 445, 446 [2005] [internal quotation marks omitted]; *see Gotto v Eusebe-Carter*, 69 AD3d 566, 567 [2010]; *Andretta v Lenahan*, 303 AD2d 527, 528 [2003]). A sanction is not warranted in the absence of proof that the destruction of the evidence was willful or contumacious, that the lost evidence was central to the case, or that the movant was prejudiced thereby (*see Awon v Harran Transp. Co., Inc.*, 69 AD3d 889, 890 [2010]; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009]; *Riley v ISS Intl. Serv. Sys.*, 304 AD2d 637 [2003]; *Klein v Ford Motor Co.*, 303 AD2d 376, 377 [2003]).

On its motion for summary judgment based on spoliation of evidence, the defendant failed to establish its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly denied the defendant's motion for that relief. Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.