■ Nicole Scivoli, Respondent, v Eyal Levit, Appellant. [913 NYS2d 323]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated May 28, 2009, as denied those branches of his motion which were for summary judgment dismissing the complaint insofar as asserted against him as time-barred, pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action to recover damages for negligent hiring, and to impose sanctions based upon the plaintiff's alleged spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action on or about June 7, 2006,

setting forth causes of action to recover damages for, inter alia, fraud and negligent hiring. The complaint alleged that, among other things, in or around July 2003, the plaintiff was injured during a "facial" performed by a cosmetologist at the offices of the defendant, a physician specializing in dermatology. The plaintiff alleged in her complaint, and testified at her deposition, that she met with an employee of the defendant at the defendant's medical center to discuss the removal of facial hair. Allegedly, upon the plaintiff's determination that the hair removal procedure would be too costly, the defendant's employee recommended that the plaintiff undergo a "facial" which would be covered by Medicaid. The plaintiff testified that, when she appeared several days later for her appointment for the facial, a cosmetologist employed by the defendant performed a procedure on her face which allegedly left her injured. The plaintiff testified that, when she, for the first time, met with the defendant a few months later, the defendant informed the plaintiff that the subject procedure she had undergone was "acne surgery."

Arguing, inter alia, that the plaintiff's claims sounded not in negligence and fraud as alleged in the complaint but, instead, in medical malpractice, the defendant moved for, among other things, summary judgment dismissing the complaint as time-barred, based upon the expiration of the 2½ year statute of limitations of CPLR 214-a. The defendant also moved pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action to recover damages for negligent hiring, and to impose sanctions based upon the plaintiff's alleged spoilation of evidence. The Supreme Court denied the defendant's motion in its entirety. The defendant appeals. We affirm.

"In applying the statute of limitations, courts look to the reality or the essence of the action and not its form" (*Pacio v Franklin Hosp.*, 63 AD3d 1130, 1132 [2009] [internal quotation marks omitted]). "[A] claim sounds in medical malpractice when the challenged conduct constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" (*Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 788 [1996] [internal quotation marks omitted]; *see Bleiler v Bodnar*, 65 NY2d 65, 73 [1985]; *Pacio v Franklin Hosp.*, 63 AD3d at 1132). Here, as the Supreme Court properly determined, the defendant failed to establish as a matter of law that the plaintiff was seen by either a registered physician's assistant or a physician, or that the subject treatment was medical or bore a substantial relationship to medical treatment (*see Weiner v Lenox Hill Hosp.*, 88 NY2d at 788; *cf. Toepp v Myers Community Hosp.*, 280 AD2d 921 [2001]).

Moreover, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendant's motion which was to impose sanctions based upon the plaintiff's loss of certain color photographs taken immediately after the procedure. The defendant failed to establish that the plaintiff's attorney's loss of the subject photographs was willful or contumacious, or that the loss compromised the defendant's ability to defend against the plaintiff's claims (*see Fireman's Fund Ins. Co. v Sweeney & Harkin Carpentry & Dry Wall Corp.*, 78 AD3d 650 [2d Dept 2010]; *Fuchs & Bergh, Inc. v Lance Enters., Inc.*, 66 AD3d 733 [2009]).

The defendant's remaining contentions are without merit. Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.