■ NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, as Subrogee of James Iaquinto, Respondent, v MORGAN FUEL & HEATING Co., INC., Doing Business as BOTTINI FUEL, Defendant/Third-Party Plaintiff-Appellant. JAMES IAQUINTO, Third-Party Defendant-Respondent. [949 NYS2d 469]—

In a subrogation action to recover benefits paid to the plaintiff's insured, the defendant/third-party plaintiff appeals (1) from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated October 22, 2010, as denied those branches of its motion which were for the imposition of sanctions against the plaintiff and the third-party defendant based on spoliation of evidence, and (2) from an order of the same court dated June 6, 2011, which denied its motion for summary judgment dismissing the complaint and on its third-party cause of action for contractual indemnification.

Ordered that the appeals from so much of the order dated October 22, 2010, as denied those branches of the defendant/third-party plaintiff's motion which were for the imposition of sanctions against the plaintiff and the third-party defendant based on spoliation of evidence, and so much of the order dated June 6, 2011, as denied that branch of the defendant/third-

party plaintiff's motion which was for summary judgment on its third-party cause of action for contractual indemnification, are dismissed as academic in light of our determination of the appeal from so much of the order dated June 6, 2011, as denied that branch of the defendant/third-party plaintiff's motion which was for summary judgment dismissing the complaint; and it is further,

Ordered that the order dated June 6, 2011, is reversed insofar as reviewed, on the law, and that branch of the defendant/third-party plaintiff's motion which was for summary judgement dismissing the complaint is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant/third-party plaintiff.

On March 13, 2006, the defendant/third-party plaintiff, Morgan Fuel & Heating Co., Inc., doing business as Bottini Fuel (hereinafter Morgan Fuel), made a fuel oil delivery to residential customer James Iaquinto. About three weeks later, on April 6, 2006, Iaquinto called Morgan Fuel to complain that he had no heat and hot water in his home. Mistakenly believing that the March 13th delivery had been made to the wrong property and that Iaquinto had run out of oil as a result of the supposed misdelivery, on April 7, 2006, Morgan Fuel added approximately 484 gallons of fuel oil to the underground oil tank in his backyard. Several days later, Morgan Fuel realized that Iaquinto's fuel tank was leaking, and pumped out the oil remaining in the tank. The plaintiff, Nationwide Mutual Fire Insurance Company, as subrogee of James Iaquinto (hereinafter Nationwide), which had issued a homeowner's insurance policy to Iaquinto, paid $173,504 to a company specializing in environmental cleanup to remediate the damage to Iaquinto's property by removing contaminated soil. It is undisputed that Iaquinto's fuel tank was leaking prior to Morgan Fuel's April 7, 2006, delivery, and that the $173,504 paid by Nationwide encompassed the cost of cleaning up the oil that leaked from the tank both before and after April 7, 2006.

In an effort to recoup the entire cost of the cleanup, Nationwide, as subrogee, commenced this action against Morgan Fuel, primarily on the theory that the fuel company had negligently deposited fuel oil into an already leaking tank on April 7, 2006. After discovery had been conducted, Morgan Fuel moved, inter alia, for summary judgment dismissing the complaint on the ground that Nationwide would be unable to prove damages because there was no way to differentiate the costs associated with the clean-up of the oil discharged from the leaking tank prior to the delivery on April 7, 2006, from the costs associated

with the clean-up of the additional oil discharged after that date. In support of its position, Morgan Fuel relied upon an expert's opinion that oil discharged after April 7, 2006, would travel in the same path as the oil discharged earlier, and that in the absence of soil samples from the Iaquinto property, which Nationwide had failed to retain, it was impossible to determine whether oil attributable to the delivery on April 7, 2006, was located in areas other than those already contaminated by prior discharges of oil. In opposition to the motion, Nationwide submitted the affidavit of an expert who concluded that, while oil discharged at a later point in time would travel the path of least resistance, it would push the existing oil deeper into the earth and expand the ring of oil, thus requiring additional remediation costs. In an order dated June 6, 2011, the Supreme Court, inter alia, denied that branch of Morgan Fuel's motion which was for summary judgment dismissing the complaint. Morgan Fuel appeals, and we reverse the order dated June 6, 2011, insofar as reviewed.

Here, Morgan Fuel made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidentiary proof that the subject oil tank was leaking prior to its allegedly negligent delivery of additional fuel oil on April 7, 2006, and that the costs associated with cleaning up the oil discharged before April 7, 2006, could not be separated from the costs associated with the clean-up of oil discharged after that date. In opposition, Nationwide failed to raise a triable issue of fact. Although Nationwide's expert concluded that the discharge of additional fuel oil after the delivery on April 7, 2006, pushed the previously discharged oil deeper into the ground and expanded the ring of contamination, he offered no methodology by which the costs associated with the clean-up of oil discharged after April 7, 2006, could be allocated. Under these circumstances, the affidavit of Nationwide's expert does not provide a nonspeculative basis upon which a determination can be made as to whether, and to what extent, Morgan Fuel's alleged negligence in adding additional fuel oil to the tank on April 7, 2006, contributed to the costs of remediation. Thus, the affidavit of Nationwide's expert was insufficient to defeat summary judgment (*see Romano v Stanley*, 90 NY2d 444, 451-452 [1997]; *State of New York v Slezak Petroleum Prods., Inc.*, 96 AD3d 1200 [2012]; *Tifft v Bigelow's Oil Serv., Inc.*, 70 AD3d 1248, 1249 [2010]; *Hilltop Nyack Corp. v TRMI Holdings*, 272 AD2d 521, 523 [2000]; *Prato v Vigliotta*, 253 AD2d 749, 750 [1998]; *cf. Fuchs & Bergh, Inc. v Lance Enters., Inc.*, 48 AD3d 626, 627 [2008]). Accordingly, the Supreme Court should have granted that branch of Morgan Fuel's motion which was for summary judgment dismissing the complaint.

In light of our determination that Morgan Fuel is entitled to summary judgment dismissing the complaint, its appeal from so much of the order dated June 6, 2011, as denied that branch of its motion which additionally sought summary judgment on its third-party cause of action for contractual indemnification against Iaquinto, and its appeal from so much of an order dated October 22, 2010, as denied those branches of its motion which were for the imposition of sanctions against the plaintiff and the third-party defendant based on spoliation of evidence, have been rendered academic (*see Spence v Island Estates at Mt. Sinai II, LLC*, 79 AD3d 936, 939 [2010]; *Abbattista v King's Grant Master Assn., Inc.*, 39 AD3d 439, 442 [2007]; *Cardozo v Mayflower Ctr., Inc.*, 16 AD3d 536, 538 [2005]). Skelos, J.P., Florio, Eng and Roman, JJ., concur.