Slezak v Nassau Country Club (2021 NY Slip Op 06717)





Slezak v Nassau Country Club


2021 NY Slip Op 06717


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-03669
 (Index No. 602325/15)

[*1]Grace Slezak, appellant,
v
Nassau Country Club, respondent.


Held & Hines, LLP, Brooklyn, NY (Dean L. Pillarella and Matthew Grosso of counsel), for appellant.
O'Connor Redd Orlando, LLP, Port Chester, NY (Michael Kivort of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated February 13, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to impose sanctions against the defendant for spoliation of evidence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2015, the plaintiff commenced this action against the defendant alleging that in July 2014 she sustained injuries when she tripped and fell down stairs on property owned by the defendant. The plaintiff alleged that the carpeting on the stairs was buckled and not properly affixed to the stairs. In October 2015, the defendant's counsel allegedly offered to make the subject stairs available for inspection, but the plaintiff's counsel declined the invitation at that time, preferring to wait until after depositions had been conducted. The defendant's counsel allegedly renewed the offer in September 2016. In February 2017, the carpeting on the subject stairs was removed and replaced.
On or about November 2017, after the filing of the note of issue, the defendant's counsel informed the plaintiff's counsel that the carpeting which was on the stairs at the time of the alleged accident had been removed and replaced. The plaintiff moved, inter alia, pursuant to CPLR 3126 to impose sanctions against the defendant for spoliation of evidence. In the order appealed from, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
"'Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned'" (N.H.R. v Deer Park Union Free Sch. Dist., 180 AD3d 823, 824, quoting Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629; see CPLR 3126; Rodman v Ardsley Radiology, P.C., 103 AD3d 871, 872). "'A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense'" [*2](N.H.R. v Deer Park Union Free Sch. Dist., 180 AD3d at 824, quoting Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547; see Sarris v Fairway Group Plainview, LLC, 169 AD3d 734, 736). "'Recognizing that striking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct, courts will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness'" (Jennings v Orange Regional Med. Ctr., 102 AD3d 654, 655-656, quoting Iannucci v Rose, 8 AD3d 437, 438). "[A] less severe sanction or no sanction is appropriate where the missing evidence does not deprive the moving party of the ability to establish his or her case" (Denoyelles v Gallagher, 40 AD3d 1027, 1027; see N.H.R. v Deer Park Union Free Sch. Dist., 180 AD3d at 824; Klein v Ford Motor Co., 303 AD2d 376, 377). "The determination of spoliation sanctions is within the broad discretion of the court" (Denoyelles v Gallagher, 40 AD3d at 1027; see Cioffi v S.M. Foods, Inc., 142 AD3d 520, 525; Gerber v Rosenfeld, 18 AD3d 812; Dennis v City of New York, 18 AD3d 599, 600).
Here, the plaintiff failed to demonstrate that the removal of the subject carpeting was willful or contumacious, or that the loss compromised the plaintiff's ability to prove her case (see Scivoli v Levit, 79 AD3d 1011, 1013; Fireman's Fund Ins. Co. v Sweeney & Harkin Carpentry & Dry Wall Corp., 78 AD3d 650, 651; Fuchs & Bergh, Inc. v Lance Enters., Inc., 66 AD3d 733, 734). Under the circumstances, the Supreme Court providently exercised its discretion when it denied that branch of the plaintiff's motion which was to impose sanctions against the defendant for spoliation of evidence (see Scivoli v Levit, 79 AD3d at 1013; Fireman's Fund Ins. Co. v Sweeney & Harkin Carpentry & Dry Wall Corp., 78 AD3d at 651; Fuchs & Bergh, Inc. v Lance Enters., Inc., 66 AD3d at 734).
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court