Prilik v Petro Home Servs. (2022 NY Slip Op 01824)





Prilik v Petro Home Servs.


2022 NY Slip Op 01824


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2019-10822
 (Index No. 605220/17)

[*1]Joann Prilik, et al., appellants-respondents,
v
Petro Home Services, et al., respondents-appellants.


Sunshine Isaacson & Hecht, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellants-respondents.
McCabe, Collins, McGeough, Fowler, Levine & Nogan LLP, Carle Place, NY (Patrick M. Murphy of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Navigation Law § 181, the plaintiffs appeal, and the defendants cross-appeal, from a judgment of the Supreme Court, Nassau County (Jack L. Libert, J.), entered August 19, 2019. The judgment, insofar as appealed from, upon a decision entered July 15, 2019, made after a hearing, failed to award prejudgment interest on the principal sum of $90,000. The judgment, insofar as cross-appealed from, upon the decision, is in favor of the plaintiffs' counsel and against the defendants in the principal sum of $90,000.
ORDERED that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiffs and the defendants entered into an agreement to settle this action, which is pursuant to Navigation Law § 181. The settlement agreement provided that an award of attorney's fees in favor of the plaintiffs would be determined at a hearing. After a hearing on this issue, the Supreme Court granted the plaintiffs' application for an award of counsel fees in the principal sum of $90,000 and entered a judgment in favor of the plaintiffs' counsel in the total sum of $95,453, which amount included an award of disbursements in the amount of $5,453. The award of attorney's fees in the sum of $90,000 was one-third of the settlement amount. The plaintiffs argued they were entitled to this amount pursuant to a contingency fee arrangement in their retainer agreement with their attorneys. On appeal, the defendants challenge the reasonableness of the fee, while the plaintiffs challenge the Supreme Court's failure to award prejudgment interest.
Pursuant to Navigation Law § 181(1), "[a]ny person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained." Although not addressed in the statute, "[i]ndirect damages include an attorney's fee incurred by a property owner against the discharger in such an action" (Starnella v Heat, 14 AD3d 694, 695; see Fuchs & Bergh, Inc. v Lance Enters., Inc., 48 AD3d 626, 627).
"Before ordering one party to pay another party's attorneys' fees, the court always has the authority and responsibility to determine that the claim for fees is reasonable" (Solow Mgt. Corp. v Tanger, 19 AD3d 225, 226). Thus, where an award of an attorney's fee is pursuant to a contractual provision, the court, "[i]n determining reasonable compensation for an attorney . . . must consider such factors as the time, effort, and skill required; the difficulty of the questions presented; counsel's experience, ability, and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation" (Vigo v 501 Second St. Holding Corp., 121 AD3d 778, 780). Nevertheless, when determining the amount of attorney's fees to award as indirect damages in an action brought pursuant to Navigation Law § 181, courts have not expressly engaged in a reasonableness analysis of the fees allegedly incurred, whether as billable hours (see 2800 Hylan Blvd. v Motiva Enters., LLC, 2011 WL 11672773, *9-10, 2011 US Dist LEXIS 120924, *24-26 [SD NY, No. 09 Civ 5065 (JFK)]) or pursuant to a contingency fee arrangement (see Fuchs & Bergh, Inc. v Lance Enters., Inc., 48 AD3d at 627-628).
Here, at the fee hearing, the plaintiffs' attorneys submitted a copy of their retainer agreement with the plaintiffs. The retainer agreement contained a contingency fee arrangement entitling the plaintiffs' counsel to a contingency fee equal to one-third of any recovery in this action. The plaintiffs' counsel, who testified that he has more than 20 years of experience litigating matters pursuant to the Navigation Law, testified that the vast majority of such matters do not settle and are heavily litigated. Additionally, the defendants' expert testified that it was appropriate for the plaintiffs' attorneys to enter into a one-third contingency fee arrangement in an action pursuant to Navigation Law § 181. Therefore, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in awarding attorney's fees in the form of indirect damages to the plaintiffs in the sum of $90,000 (see Fuchs & Bergh, Inc. v Lance Enters., Inc., 48 AD3d 627-628; 2800 Hylan Blvd., LLC v Motiva Enterprises, LLC, 2011 WL 11672773, *9-10, 2011 US Dist LEXIS 120924, *24-26).
Additionally, the Supreme Court did not err in declining to award the plaintiffs' counsel prejudgment interest pursuant to CPLR 5001. "An award of interest is founded on the theory that there has been a deprivation of the use of money or its equivalent, and that an award of interest will make the aggrieved party whole; it is not to provide a windfall" (Spodek v Park Prop. Dev. Assoc., 279 AD2d 467, 468, affd 96 NY2d 577; see NML Capital v Republic of Argentina, 17 NY3d 250, 266; Love v State of New York, 78 NY2d 540, 545). Here, the plaintiffs' attorneys were not entitled to any fee under the contingency fee agreement until the plaintiffs recovered money from the defendant via a judgment or settlement, and the plaintiffs paid no fees to their attorneys. Further, the settlement agreement provided that the issue of attorney's fees would be determined at a hearing. Thus, as the plaintiffs' right to recover attorney's fees in the form of indirect damages did not arise until the Supreme Court awarded those fees after the hearing, there was no period of time prior to the judgment that the plaintiffs or their attorneys were deprived of the use of any money related to attorney's fees that was rightfully theirs (see Navigation Law § 181[1]; Kachkovskiy v Khlebopros, 164 AD3d 568, 572; AMCO Intl. v Long Is. R.R. Co., 302 AD2d 338, 340; 155 Henry Owners Corp. v Lovlyn Realty Corp., 231 AD2d 559, 560-561).
The parties' remaining contentions are without merit.
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court