Dagro Assoc. II, LLC v Chevron U.S.A., Inc. (2022 NY Slip Op 03884)

Dagro Assoc. II, LLC v Chevron U.S.A., Inc.

2022 NY Slip Op 03884

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2019-01587
 (Index No. 59531/15)

[*1]Dagro Associates II, LLC, appellant,
v
Chevron U.S.A., Inc., et al., respondents, et al., defendants.

Spolzino Smith Buss & Jacobs, LLP, White Plains, NY (John J. Malley of counsel), for appellant.
Slowinski Atkins, LLP, New York, NY (Matthew S. Slowinski, pro hac vice, and Angelo A. Cuonzo of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Navigation Law § 181, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated December 3, 2018. The order, insofar as appealed from, upon reargument, in effect, vacated a determination in an order of the same court dated June 6, 2018, denying that branch of the motion of the defendants Chevron U.S.A., Inc., Getty Oil Company, Getty Refining and Marketing Company, and Getty Oil Company (Eastern Operations), Inc., which was, in effect, pursuant to CPLR 3126 to strike the third amended complaint insofar as asserted against them on the ground of spoliation of evidence, and thereupon, granted that branch of the motion.
ORDERED that the order dated December 3, 2018, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof, upon reargument, granting that branch of the motion of the defendants Chevron U.S.A., Inc., Getty Oil Company, Getty Refining and Marketing Company, and Getty Oil Company (Eastern Operations), Inc., which was, in effect, pursuant to CPLR 3126 to strike the third amended complaint insofar as asserted against them on the ground of spoliation of evidence, and substituting therefor a provision, upon reargument, granting that branch of the motion to the extent of directing that an adverse inference charge be given against the plaintiff at trial; as so modified, the order dated December 3, 2018, is affirmed insofar as appealed from, with costs to the defendants Chevron U.S.A., Inc., Getty Oil Company, Getty Refining and Marketing Company, and Getty Oil Company (Eastern Operations), Inc.
The plaintiff commenced this action, inter alia, to recover damages for a violation of Navigation Law § 181, alleging that the defendants Chevron U.S.A., Inc., Getty Oil Company, Getty Refining and Marketing Company, and Getty Oil Company (Eastern Operations), Inc. (hereinafter collectively the defendants), discharged petroleum from underground storage tanks on the plaintiff's property. Thereafter, the defendants moved, among other things, in effect, pursuant to CPLR 3126 to strike the third amended complaint insofar as asserted against them on the ground of spoliation of evidence. In support of the motion, the defendants asserted that they were deprived of the opportunity to inspect the storage tanks because the plaintiff disposed of the tanks after its expert had [*2]inspected them. In an order dated June 6, 2018, the Supreme Court denied the defendants' motion. The defendants then moved for leave to reargue their prior motion. In an order dated December 3, 2018, the court, upon reargument, in effect, vacated the prior determination in the order dated June 6, 2018, denying that branch of the defendants' motion which was, in effect, pursuant to CPLR 3126 to strike the third amended complaint insofar as asserted against them on the ground of spoliation of evidence, and thereupon, granted that branch of the motion. The plaintiff appeals.
"'Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned'" (N.H.R. v Deer Park Union Free Sch. Dist., 180 AD3d 823, 824, quoting Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629; see CPLR 3126). "'A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense'" (N.H.R. v Deer Park Union Free Sch. Dist., 180 AD3d at 824 [alterations omitted], quoting Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547). "'A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence'" (Hirschberg v Winthrop-University Hosp., 175 AD3d 556, 557, quoting VOOM HD Holdings LLC v EchoStar Satellite L.L.C., 93 AD3d 33, 45). Further, "[s]triking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct and, in order to impose such a sanction, the court 'will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness'" (Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d 673, 675, quoting Eksarko v Associated Supermarket, 155 AD3d 826, 829 [internal quotation marks omitted]). "In contrast, where the moving party has not been deprived of the ability to establish his or her case or defense, a less severe sanction is appropriate" (Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d at 675).
Here, the defendants demonstrated that the plaintiff had an obligation to preserve the tanks at the time they were disposed of, which was before the defendants had an opportunity to inspect the tanks, that the tanks were destroyed with a culpable state of mind, and that the tanks were relevant to the litigation (see Delmur, Inc. v School Constr. Auth., 174 AD3d 784, 787; SM v Plainedge Union Free Sch. Dist., 162 AD3d 814, 818-819). However, the defendants failed to establish that their ability to prove a defense was fatally compromised by the destruction of the tanks, or that the destruction of the tanks was willful and contumacious (see Slezak v Nassau Country Club, 200 AD3d 734, 735; Amos v Southampton Hosp., 198 AD3d 947, 949). Under the circumstances presented, the drastic sanction of striking the third amended complaint is not appropriate, but the lesser sanction of directing that an adverse inference charge be given is warranted (see Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d at 676).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court improvidently exercised its discretion in, upon reargument, granting that branch of the defendants' motion which was, in effect, pursuant to CPLR 3126 to strike the third amended complaint insofar as asserted against the defendants, and should only have granted that branch of the motion to the extent of directing that an adverse inference charge be given against the plaintiff at trial with respect to the destruction of the storage tanks.
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court