LaRose v City of New York (2025 NY Slip Op 06313)

LaRose v City of New York

2025 NY Slip Op 06313

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-00079
 (Index No. 10231/98)

[*1]Judith LaRose, appellant, 
v
City of New York, et al., respondents, et al., defendant.

Steven Greenfield, Westhampton Dunes, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Tahirih M. Sadrieh of counsel), for respondent City of New York.
Eric D. Feldman, New York, NY (Evy L. Kazansky of counsel), for respondent Matthew Ruggiero Plumbing.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Dean L. Pillarella of counsel), for respondent New York Telephone, doing business as Verizon.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated November 3, 2022. The order denied the plaintiff's motion, inter alia, pursuant to CPLR 2221(a) to vacate so much of a prior order of the same court dated June 1, 2022, as granted the respective applications of the defendants New York Telephone, doing business as Verizon, Matthew Ruggiero Plumbing, and City of New York pursuant to CPLR 3126 to dismiss the second amended complaint insofar as asserted against each of them for spoliation of evidence.
ORDERED that the order dated November 3, 2022, is affirmed, with one bill of costs.
In March 1998, the plaintiff commenced this action to recover damages for personal injuries, alleging that, while riding her bicycle in Brooklyn, her front tire hit a large pothole and she fell to the ground sustaining injuries. The plaintiff alleged that the defendants, Matthew Ruggiero Plumbing (hereinafter Ruggiero), New York Telephone, doing business as Verizon (hereinafter Verizon), City of New York, and Felix Equities, Inc. (hereinafter Felix Equities), all performed work on the roadway at the location of the accident at various times between August 1996 and May 1997 and were negligent in permitting the street to deteriorate and not keeping the street in a safe and proper condition.
The plaintiff's friend took photographs of the accident location on or about the day after the accident (hereinafter the post-accident photographs). In an August 2001 preliminary conference order, the Supreme Court directed the plaintiff to provide the defendants with color copies of the post-accident photographs (hereinafter the August 2001 order). After a lengthy delay, apparently due to a bankruptcy filing by Felix Equities, this action was resumed, and in 2015, the Supreme Court issued a compliance conference order directing all parties to comply with any [*2]outstanding directives in the August 2001 order within 180 days. In 2015 and 2016, Verizon made demands of the plaintiff to provide color copies of the post-accident photographs. Later, in response to the City's notice to admit, the plaintiff admitted that she was not in possession of color copies, negatives, or originals of the post-accident photographs.
Thereafter, Verizon made an application pursuant to CPLR 3126 to dismiss the second amended complaint insofar as asserted against it for spoliation of evidence. Ruggiero and the City made separate applications for that relief with respect to each of them. By order dated June 1, 2022, the Supreme Court, inter alia, granted those applications and directed dismissal of the action. Subsequently, the plaintiff moved, inter alia, pursuant to CPLR 2221(a) to vacate so much of the order dated June 1, 2022, as granted those applications. In an order dated November 3, 2022, the court denied the plaintiff's motion. The plaintiff appeals.
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Van DeVeerdonk v North Westchester Restorative Therapy & Nursing Ctr., 223 AD3d 702, 703 [internal quotation marks omitted]; see CPLR 3126). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Washington v Church & Nostrand Apparel Corp., 238 AD3d 1096, 1097-1098 [internal quotation marks omitted]). "A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence" (id. at 1098 [internal quotation marks omitted]). However, "where the evidence was destroyed negligently, the party seeking sanctions must establish that the destroyed evidence was relevant to the party's claim or defense" (Franco v Half Moon Riv. Club, LLC, 214 AD3d 956, 958).
"Courts possess broad discretion to provide proportionate relief to the party deprived of the lost evidence, such as precluding proof favorable to the spoliator to restore balance to the litigation, requiring the spoliator to pay costs to the injured party associated with the development of replacement evidence, or employing an adverse inference instruction at the trial of the action" (Gregorian v New York Life Ins. Co., 211 AD3d 706, 709 [internal quotation marks omitted]). "[S]triking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct and, in order to impose such a sanction, the court will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness" (Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d 793, 795 [alteration and internal quotation marks omitted]). "In contrast, where the moving party has not been deprived of the ability to establish his or her case or defense, a less severe sanction is appropriate" (id. [internal quotation marks omitted]).
Here, Verizon, Ruggiero, and the City established that the plaintiff had control over the original post-accident photographs, had a duty to preserve them at the time they were lost or destroyed, and negligently or wilfully failed to ensure the post-accident photographs' preservation (see Oppenheimer v City of New York, 193 AD3d 957, 958). Moreover, under the unique circumstances of this case, in which each of the defendants had performed work in the vicinity of the plaintiff's accident and the plaintiff alleged that each negligently contributed to the condition of the pothole, the post-accident photographs became a crucial piece of evidence, the absence of which greatly affected the ability of the defendants to present a defense. Accordingly, the Supreme Court providently exercised its discretion in granting the respective applications of Verizon, Ruggiero, and the City pursuant to CPLR 3126 to dismiss the second amended complaint insofar as asserted against each of them for spoliation of evidence and in denying that branch of the plaintiff's motion which was to vacate so much of the order dated June 1, 2022, as granted those applications (see Lentini v Weschler, 120 AD3d 1200, 1201; Schimicci v Dermpath, Inc., 49 AD3d 626, 626).
The parties' remaining contentions either are without merit or need not be reached in light of the foregoing.
DILLON, J.P., MILLER, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court