Atsaves v El Caribe Caterers, LLC (2026 NY Slip Op 01752)

Atsaves v El Caribe Caterers, LLC

2026 NY Slip Op 01752

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-07599
 (Index No. 516710/20)

[*1]Catherine E. Atsaves, plaintiff-respondent,
vEl Caribe Caterers, LLC, etc., defendant-respondent, Victory Entertainment, Inc., appellant.

Clausen Miller, P.C., New York, NY (David A. Peskanov and Richard J. Brownell of counsel), for appellant.
Eaton & Torrenzano, LLP, Brooklyn, NY (Jay J. Torrenzano of counsel), for plaintiff-respondent.
Eric D. Feldman, New York, NY (Evy L. Kazansky of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Victory Entertainment, Inc., appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated March 4, 2024. The order denied that branch of that defendant's motion which was pursuant to CPLR 3126 to strike the answer of the defendant El Caribe Caterers, LLC, for spoliation of evidence and granted that branch of the motion which was to preclude the defendant El Caribe Caterers, LLC, from offering any evidence regarding the contents of video surveillance footage only to the extent of precluding the parties from offering any testimony regarding the contents of the video surveillance footage to the extent that such testimony contradicted the plaintiff's testimony.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Victory Entertainment, Inc., which was to preclude the defendant El Caribe Caterers, LLC, from offering any evidence regarding the contents of video surveillance footage only to the extent of precluding the parties from offering any testimony regarding the contents of the video surveillance footage to the extent that such testimony contradicted the plaintiff's testimony, is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant El Caribe Caterers, LLC.
In September 2020, the plaintiff commenced this action against the defendants, Victory Entertainment, Inc. (hereinafter Victory), and El Caribe Caterers, LLC (hereinafter El Caribe), for injuries she allegedly sustained while using a CO2 smoke gun at her wedding in March 2019. Thereafter, Victory moved pursuant to CPLR 3126 to strike El Caribe's answer for spoliation of video surveillance footage capturing the accident or, in the alternative, to preclude El Caribe from offering any evidence regarding the contents of the video surveillance footage. Victory argued that [*2]El Caribe should be precluded from offering any evidence regarding the contents of the video surveillance footage on the ground of spoliation of evidence or pursuant to the best evidence rule. El Caribe and the plaintiff separately opposed Victory's motion. In an order dated March 4, 2024, the Supreme Court denied that branch of Victory's motion which was pursuant to CPLR 3126 to strike El Caribe's answer and granted that branch of the motion which was to preclude El Caribe from offering any evidence regarding the contents of the video surveillance footage only to the extent of precluding the parties from offering any testimony regarding the contents of the video surveillance footage to the extent that such testimony contradicted the plaintiff's testimony. Victory appeals.
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned" (Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d 793, 794 [internal quotation marks omitted]; see CPLR 3126; N.H.R. v Deer Park Union Free Sch. Dist., 180 AD3d 823, 824). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see M.M. v Macerich Prop. Mgt. Co., LLC, 219 AD3d 471, 472). "A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence" (Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d at 795 [internal quotation marks omitted]). However, "[i]n the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (Tanner v Bethpage Union Free Sch. Dist., 161 AD3d 1210, 1211 [internal quotation marks omitted]; see Washington v Church & Nostrand Apparel Corp., 238 AD3d 1096, 1098; Gordon v Field, 234 AD3d 823, 824).
Here, the Supreme Court providently exercised its discretion in denying that branch of Victory's motion which was pursuant to CPLR 3126 to strike El Caribe's answer for spoliation of evidence. Victory did not establish that El Caribe intentionally or negligently failed to preserve the video surveillance footage or that El Caribe was placed on notice that the video surveillance footage might be needed for future litigation before it was automatically deleted (see De Abreu v Syed Rests. Enters., Inc., 231 AD3d 1116, 1118; Van DeVeerdonk v North Westchester Restorative Therapy & Nursing Ctr., 223 AD3d 702, 704). In addition, Victory did not establish that the absence of the video surveillance footage deprived it of the ability to establish its defense (see Washington v Church & Nostrand Apparel Corp., 238 AD3d 1096, 1098; De Abreu v Syed Rests. Enters., Inc., 231 AD3d at 1118).
The appeal from so much of the order as granted that branch of Victory's motion which was to preclude El Caribe from offering any evidence regarding the contents of the video surveillance footage only to the extent of precluding the parties from offering any testimony regarding the contents of the video surveillance footage to the extent that such testimony contradicted the plaintiff's testimony must be dismissed. The subject ruling is an evidentiary ruling, which, even when made "in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (Cotgreave v Public Adm'r of Imperial County [Cal.], 91 AD2d 600, 601; see Bennett v State Farm Fire & Cas. Co., 189 AD3d 748; Elliott v Guervil, 98 AD3d 470).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court