Vlasaty v State of New York

2026 NY Slip Op 01999

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Emery Vlasaty, appellant,

v

State of New York, respondent. (Claim No. 134412)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2025-03453

Betsy Barros, J.P.

Lillian Wan

James P. Mccormack

Phillip Hom, JJ.

Dalli & Marino, LLP, Mineola, NY (John Dalli of counsel), for appellant.

Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Blair J. Greenwald of counsel), for respondent.

[*1]

DECISION & ORDER

In a claim, inter alia, to recover damages for negligent supervision, the claimant appeals from a judgment of the Court of Claims (Richard E. Sise, J.), dated February 10, 2025. The judgment, upon a decision of the same court dated January 10, 2025, made after a nonjury trial, is in favor of the defendant and against the claimant dismissing the claim.

ORDERED that the judgment is affirmed, with costs.

In October 2019, the claimant commenced this claim against the defendant, State of New York, pursuant to the Child Victims Act (see CPLR 214-g), inter alia, to recover damages for negligent supervision. In the complaint, the claimant alleged that in 1967, he was a patient at Creedmoor Psychiatric Center (hereinafter Creedmoor) when he was sexually and physically assaulted by a male orderly while being escorted between his ward and another building through an underground tunnel. After a nonjury trial, the Court of Claims issued a decision denying the claimant's application for an adverse inference against the State for spoliation of evidence and finding that the claimant failed to establish by a preponderance of the credible evidence his claim. Thereafter, the court issued a judgment, upon the decision, in favor of the State and against the claimant dismissing the claim. The claimant appeals.

The claimant's contention, in effect, that the judgment should be reversed based on the Court of Claims' denial of his application for an adverse inference is without merit. "Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned" (Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d 793, 794 [internal quotation marks omitted]; see CPLR 3126). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Dorman v Luva of NY, LLC, 243 AD3d 632, 635 [internal quotation marks omitted]; see Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d at 794). "A culpable state of mind for purposes of a spoilation sanction includes ordinary negligence" (Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d at 795 [internal quotation marks omitted]). "However, in the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith [*2]and pursuant to its normal business practices" (Gordon v Field, 234 AD3d 823, 824 [alteration and internal quotation marks omitted]; see Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d 593, 594).

Here, contrary to the State's contention, the claimant demonstrated that the State had an obligation to preserve the claimant's medical records. The claimant introduced evidence at trial that the New York State Office of Mental Health (hereinafter OMH) has an internal policy to maintain patient records in perpetuity. Although the minimum standards promulgated by the New York State Department of Health only required the State to maintain the records until approximately 1977 (see 10 NYCRR 405.10[a][4]), OMH imposed a higher duty upon itself and therefore was obligated to preserve the claimant's records at the time of their destruction (cf. Oppenheimer v City of New York, 193 AD3d 957, 958; Luzuriaga v FDR Servs. Corp., 189 AD3d 817, 817). However, the claimant failed to demonstrate that the State negligently destroyed his medical records. The records were destroyed, with the approval of OMH, because they posed a health hazard due to water damage and vermin infestation. Moreover, the records were destroyed in or around 2002, approximately 17 years before the claimant commenced this action. Therefore, although the State had an obligation to preserve the claimant's records, the State did not have a culpable mind in destroying the records, because it did not have a notice of a specific claim or pending litigation and the documents were destroyed in good faith and pursuant to its normal business practices (see Gordon v Field, 234 AD3d at 824-825; Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d at 594).

In light of our determination, the parties' remaining contentions need not be reached.

Accordingly, we affirm the judgment.

BARROS, J.P., WAN, MCCORMACK and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court